Archibald O. Wemple, J.
(Schenectady County Judge and Acting Judge for Westchester County). This is an application by the defendant to amend an affidavit of errors duly filed herein in an appeal from a judgment of conviction before the Court of Special Sessions of the Town of Mount Pleasant, Honorable Herbert Bliss, J. P., on June 21, 1960. The defendant was convicted on a charge of speeding in violation of the Vehicle and Traffic Law of the State of New York and was fined, and did pay a fine of $20. Thereafter and on July 18, 1960 a timely affidavit of errors was filed in connection with the said appeal to the Westchester County Court. The defendant now seeks to amend the filed affidavit of errors by including new or different ‘ ‘ allegations of errors ’ ’ which occurred on the trial.
The application herein presents a novel question of law and it has been suggested that the question may be a matter of “ first impression ”. If so, this court will undertake to interpret the law applicable herein.
Appeals to the County Court from Courts of Special Sessions in the counties other than those within the City of New York are governed by sections 749-769 of the Code of Criminal Procedure. Specifically, section 751 provides that an appeal from a *886 minor court must Tbe taken within 30 days after the judgment “ by filing an affidavit * * * setting forth the alleged errors in the proceedings, conviction or commitment” (italics supplied). The quoted section then goes on to provide for filing and service of the affidavit. It is to he noted that the concluding sentence of section 751 states “ Upon the filing of the affidavit the appeal is deemed taken ’ This statement is definite, positive and conclusory.
Section 751 was added by chapter 251 of the Laws of 1941 and became effective September 1, 1941. The section does not provide for any amendment to the affidavit once it is filed and served.
This court has given consideration to section 542 and section 764 of the Code of Criminal Procedure in both of which sections there is a statutory declaration that judgment on appeal must be given without regard to technical errors or defects or to exceptions which do not affect the substantial rights of the parties. This would seem to open the door to an application such as the one before the court on this application.
On the other hand it should be noted that the affidavit in the case at bar does not appear to contain errors or defects. It is complete on its face and it served notice on the District Attorney as to scope and grounds of the appeal. Now, defendant’s counsel wishes to add to or supplement the affidavit on file by expanding the appeal to new allegations or “ errors ” not encompassed in the original affidavit.
It has been held that failure to file an affidavit of errors is fatal to an appeal from a minor court to the County Court. These case rulings indicate clearly the importance and function of the affidavit of errors in an appeal. Indeed the affidavit is an integral and essential element of the application to review the proceedings of the court below. It is in fact by statute the appeal for it specifies the grounds upon which the appeal is based and is notice of the appeal itself.
In the Seventh Annual Report of the New York Judicial Council (1941) at pages 254-255 under comment on section 751 of the Code the following quotation is taken: ‘ ‘ The affidavit of error is retained and now serves the function of a notice of appeal in addition to providing the basis for the return by the trial court. It seems proper to continue the use of the affidavit of error because the district attorney, who usually appears in the county court on an appeal, is not represented in the trial court and the affidavit will serve as a means of informing him of the real reason for the appeal. Furthermore, a stenographer may not always be present in the trial court and it would seem *887 unnecessary to require the trial justice to return the testimony if the appeal is not going to raise a question of evidence.” Section 751 provides the method of appeal. The section prescribes and proscribes the requirements on such an appeal. Once filed there is no way for change, amendment or addition provided after the 30-day period. In the case at bar it is clear then that the expansion of the affidavit by adding new; grounds or errors after the 30-day period is not authorized in the statute. Until the statute is amended to provide expressly for such remedy, applications to amend must be denied. Enter order accordingly.